Ladies of the Court, Counsel, my name is Michael Lesmeyer and I'm here on behalf of the Marinese family. And our argument is a simple one. The argument is this. If the Postal Service is going to take advantage of the exclusive liability defense of the Alaska Workers' Compensation Law, it has to first comply with the prerequisites to that defense. This is a statutory defense that was broadened by the Alaska legislature in 2004. It has been the subject of four different opinions by the Alaska Supreme Court. In three of those cases, Judge Christian was on the court. In one of those cases, the court talked about the trade-off that the Alaska legislature made in 2004. And that trade-off was this. It basically said, we are going to expand exclusive liability to cover those that are in this chain up to a project manager. But in return, we are going to require that they step up to the plate and be responsible for In this case, there is no question but that the U.S. Postal Service does not provide those benefits. No question. So it does not provide or it doesn't contribute to the fund, the Alaskan fund that would provide? It doesn't do either. It doesn't do either. And you're saying that's the benefit of the bargain that people made in order to get the benefit of this exclusive liability provision. Exactly. It is a simple proposition. In order to get protection, you have to give it. They don't give it, and so they don't get it. So that was the purpose of the statute, but it's not language in the statute. Yes. Do you think the term project owner has a clear meaning? Yes. What is that? In most instances, it does, Your Honor. And a project owner is defined by A.S. 2330.045.2 as a person who, in the course of a person's business, engages the services of a contractor and who enjoys the A contractor is defined as a person who undertakes by contract performance of certain work. So there's got to be a contract in order for there to be a contract, a contractor. And the other point that I would simply make, if we're looking at the statutes, it's really important that we look at A.S. 2330.055, which is entitled Exclusiveness of Liability. And in the very last sentence of that statute, it reads, quote, in this section, employer includes, in addition to the meaning given in A.S. 2330.395, a person who under A.S. 2330.045a is liable for or potentially liable for securing payment of compensation. If you're looking for a contract, did the district judge properly carry that out in the opinion on page two and three, where he said PROMAC was authorized to carry a mail from Ketcham to Craig pursuant to certain forms issued by the U.P.S.? Is that the contract to which you're making reference? There is no contract in this case, Your Honor. You may disagree with the district court, but what I'm reading to you is what the district court said. The district court found those to be contracts. Well, if the court will go back a page or two, he makes the comment that there was no contract. And as a matter of law, there was no contract here, because the federal statutes, and we cite the statute in the brief, says that tender of the mail to a certificated carrier in Alaska does not create a contract. But, counsel, what the judge did, I think, is analogize under the little bar. That's what he really has to do, doesn't he? He has to analogize, no question. Okay, so what's wrong with that part of his reasoning? He analogized to FedEx, basically. I mean, we're all familiar with that, but that's what he did just to orient us. And what's wrong with that reasoning, given the teaching of Labarge? What's wrong with that reasoning, Your Honor, is Labarge and none of the other cases cited stand for the proposition that a federal judge in making that analogy should create facts that don't exist. So is your problem, just really trying to hone in on your problem, is the problem that Judge Sedgwick, it was fine to analogize to a private carrier, but that in doing so, he had to hypothesize about what the terms of the contract would have been? Well, the problem is, Your Honor, is I think that in doing the analogy, what the role of the court should be is to look at the actual facts and analogize to private conduct. In other words, if the Postal Service runs a red light and a private person runs a red light, there's liability under state law. And here, the thing that's missing, no matter how we cut it, is that the Postal Service does not come within the definition of an employer because they are not responsible or potentially responsible for providing the benefit. And I don't think you can create that. Well, so let me ask you this. So then is the appropriate analogy, this gets to my question, because I've read your brief several times and I can appreciate the ticklishness of this statute. It's not the first time I've looked at this statutory scheme, as you know. I know. Many hours on it. And so is the appropriate analogy a FedEx with a contract that didn't provide workers' comps? So, for example, if FedEx had hired PROMEC and it said within the terms of that contract, by the way, we're engaging you to be basically our subcontractor to deliver our mail for us, but we're not going to provide workers' comp benefits for your folks. Is that the appropriate analogy? Not quite, Your Honor. Why not? Because I think it's close, but it's not quite. I think under that situation, under the law of Alaska, they would be liable. Right. Exactly. And that was my next point. Because I think there's some traction to your argument. It's certainly a difficult analogy to make. And I think that Judge Sedgwick did it as well as anybody could. But there is this problem that sort of by definition there isn't the contribution and the statutory scheme. The Trudell case talks about the Alaska Supreme Court recognizing the reciprocity that is inherent in the scheme. But when I ask myself that question about what if there were a contract, what if FedEx had tried to indemnify itself or to say we're not going to provide this coverage, the Alaska legislature does have this express provision saying you can't do that. Right. And we're going to imply that you're still in the chain of command, so to speak. So what about that? I think that the answer to that question, Your Honor, is if we look at the 70 other businesses, approximately, that would ship goods through ProMec Air, I don't think the Alaska legislature ever intended the generic delivery of services like that to come within the scope of this statute. And that's exactly what the Alaska Supreme Court hasn't addressed yet. Right. They have said this is a tough problem. I think the analogy they used was a law firm that engages a courier service and said we don't have to go there because the Anderson case didn't require that they go to that extreme. But in this circumstance, in many ways, it seems much easier than Anderson because this isn't a courier service that's really tangentially related to the mission of the business. This is an air carrier delivering mail for the post service. It is an air carrier that delivers mail, but it also delivers many other things. And the affidavit of Mr. Miramese establishes that. I mean, on a regular basis, they deliver goods to and from literally every business in Cray. Does that mean that every one of those businesses would be a project manager? I don't think so. What about the Trudell case, though? That goes a long way toward saying that they would. And that was a really disparate type of business. Well, the Trudell case, Your Honor, if I'm remembering that case correctly, dealt with the building. And I think that's a totally different situation than we have here because it doesn't involve the generic delivery of services, which is what we have here. In other That's not the situation here. The situation here is we have every other little business in Craig, Alaska that may ship goods on this airplane. Does that make them all responsible? Well, Judge Sedgwick said that would be, I think he said ridiculous or something. Yes, he said it would be absurd. Right. For all of the customers of ProMech that were putting packages on the plane asking to be delivered, certainly they're not all employers within the meaning of the statutory scheme. But my point, Your Honor, is this. Under the analogy rule, once we start creating facts and speculating about facts, I mean, we could easily speculate that FedEx, for example, wouldn't want the workers' compensation liability associated with the contract. So they could choose to simply tender their goods just like everybody else does and ship them on ProMech air or the other carrier. And they wouldn't have that liability, I don't believe, under the statute of being responsible under workers' compensation if a plane were to go down. Your point is well taken, but it does bring us back to what's wrong with Judge Sedgwick's reasoning given that he's got the Labarge line of cases that he really is obliged to follow. Yeah. And I don't think Labarge holds that, Your Honor. And I would say, and believe me, we looked. We looked for similar language to the Alaska statute. We couldn't find it. We couldn't find anything close anywhere. What we did find is this, that in every single case where a court has applied that reasoning, they've looked carefully at what the law is and applied the law to the facts as they exist. And that's what the court did in Labarge. They applied the law of California to the facts as they exist in that case. But what about Olson and Shuley where we've said like circumstances don't need to be identical circumstances, like circumstances do not restrict the court's inquiry to the same circumstances? What about those cases? Those cases were cases in which there was an issue as to whether there was a valid cause of action for the plaintiffs under state law. And so the court looked at conduct and tried to make a determination whether there's tort liability under state law. And if you do that in this case, what you should do in this case is look at whether there is a valid cause of action if the facts are the same to a private employer. In other words, let's look at the same person running the red light, which is really what this is about. Let's look at the person who is not responsible for providing workers' compensation benefits. Under state law, they would not receive the benefit of this statute. We know that the state of Alaska, the legislature, when it created this statute, did not ever intend to have this situation arise. We know it's unfair. And it's unfair because they get the benefit of a statute that they don't fulfill the burden of. And it's unfair for another reason. And if you look at this case, what happens in this case is that the door doesn't swing both ways. If we looked at this case and said, okay, this was a lawsuit by Mr. Marinisi for workers' compensation coverage against the United States Postal Service because his employer hadn't provided it, there is no way that we would be able to recover that because the Postal Service doesn't have the authority to provide workers' compensation coverage. So we're in a situation where the Postal Service wants something that's unfair. They want the benefit of a state statute, but they don't want to comply with the burden. And the other problem with what they want is they want the court to decide this case based on facts that don't exist as opposed to the facts that do exist. And so I say that what the court should do is it should apply Alaska law to the facts as they exist with respect to a private employer. And those facts would mean that they cannot take advantage of this defense. I have a slightly different question. FedEx delivers stuff to my home all the time. And this here, the district court analogized PROMEC to FedEx. So I'm going to say, suppose instead of FedEx it was PROMEC. And they brought something in and they got stuck by the automatic gate or something and were injured. Would they be liable under those circumstances? Would I be liable? Would my homeowner's policy have to kick in under those circumstances? I would argue no, Your Honor. And the reason I would argue no is I don't think the Alaska legislature ever intended this to apply to the generic delivery of services. Another example of what you're saying, Your Honor, is, you know, we all fly Alaska Airlines all the time. And you probably did too on the way up here. And so if an Alaska Airlines jet goes down and they don't have workers' compensation, does that mean that you or your employer have to indemnify the employees of Alaska Airlines for workers' compensation insurance? Of course not. It never was intended to go that far. I didn't hear you make this argument that the way I read all the cases is it doesn't have to be identical circumstances, but they have to be reasonably analogous circumstances. And the way I'm hearing your argument is that you're saying this isn't a reasonable analogy to use. It is not a reasonable analogy when we know what the true facts are. We know what the true facts are here. The true facts are that the federal government does not comply with the prerequisites to a state law exclusive liability defense. They simply do not here. If we apply those facts to any sort of a private person, that's where the analogy should come in. They don't meet the prerequisite of this statute. And if they want to take advantage of it, they should. You referred to the Trudell case and then left it. Could I come back to it for just a moment? Absolutely, Your Honor. I was interested in the statement that Trudell makes that extends liability for workmen's negligent suits up to contractual change to business owners who are engaged in general contracts and construction projects, and then ends that at the end saying the legislative history demonstrates the intent to cover many more situations than are covered by the usual business rule. You've been arguing the usual business rule, but according to Trudell, there's much more to it than the usual business rule. How do you square Trudell with your argument? With this language, Your Honor. What they said in Trudell is the usual business rule addresses the second purpose, but the legislative history of the project owner amendment suggests that the legislature was concerned more with the first purpose and wanted those who hired contractors to ensure that the contractors and subcontractors had workers' compensation coverage or be liable themselves, unquote. So that's the tradeoff that I'm talking about, Your Honor, and that tradeoff is the prerequisite to liability or to taking advantage of the exclusive liability provision of this statute. That's the legislative tradeoff. Okay. And what I would ask is that the Court give effect to what that legislature, our legislature in Alaska, intended. Thank you. I'm out of time. Right. Just one last question. Is this something we should certify, a question we should certify to the Alaska Supreme Court? I did make that argument. If this Court doesn't reverse this case, and if there is a question on the issues that Judge Morgan raised, for example, is this a contract for certain work? If we do that sort of analogy, what is a contract for certain work? I believe that that question should be answered by the Alaska Supreme Court, yes. All right. Thank you. Thank you. May it please the Court, Mark Stern for the United States. I'd also like to quote from the Trudell case, because I think it goes to a misconception that underlies the fact a lot of my colleagues' argument, which is that the statute turns on whether a project owner has itself purchased workman's compensation insurance. That's not the way that this statute is structured. The way the statute is structured is essentially it imposes a contingent liability upon a project owner. If the contractor, which in this case was PROMEC, had not purchased workman's compensation insurance, then there would have been a question of liability, whether for the Postal Service or FedEx or for UPS, which is my understanding that PROMEC also did carry workman's compensation insurance and plaintiff received workman's compensation insurance. So that the contingency to which this provision of the statute is directed never comes into play. Hence, there's no question that UPS or FedEx would not be on the hook. And what Trudell says in sort of recognizing the way the scheme works, at 272 Pacific 3rd of 399, is that the legislators understood that project owners would likely not need to purchase additional workman's compensation insurance. And the reason for that is that this only comes into play if the contractor itself doesn't have the workman's compensation insurance. Again, PROMEC did have the workman's compensation insurance, plaintiff received workman's compensation. There is no private analog in which, under this statute, under which plaintiff would also be permitted to bring a second lawsuit against the project owner. It's absolutely, there's no contention that if this were FedEx or UPS, the plaintiff would be able to bring this suit. Those are the obvious analogies to the postal service in this situation. And if it's clear that you can't bring the lawsuit against UPS or FedEx, then it really does follow that you can't bring the lawsuit against the postal service. I think that's what the district court sort of pretty concisely and accurately said. And for that reason, we think that the proper thing to do is to affirm the decision. If the court has any questions, I'm happy to answer them. Thank you very much. Oh, no. I'm sorry. Would the small businesses in Craig be immune from suit? If their gates had fallen on Maroney's? This goes to plaintiff's argument that there are 70 or so people who would be similarly situated to the postal service? Well, then it would be more reasonable to analogize to the entire universe of people to whom Promex actually delivered and picked up from instead of FedEx, which it didn't actually deliver or pick up from. Right. So UPS actually does and uses Promex. But I think the district court correctly said, no, the real analogy here is to the postal service or UPS or FedEx is in the business of delivering packages. If anybody, if this is the usual course of business for anybody, it's going to be somebody who delivers packages for an organization whose business is delivering packages. I don't think it could get any closer than that one. The district court clearly was concerned that it could, that reason it could go that far and that would be absurd or whatever he said. And I'm wondering how it would apply to individuals for whom FedEx delivers packages. The answer, Your Honor, is I mean, I don't, you know, the Alaska Supreme Court has sort of struggled with the question of how far it goes. Trudell sort of, you know, and Anderson both reject narrowing constructions. But, however, but the argument- Trudell troubles me because it's such unique facts that Hibbert's business, it seems kind of shady business dealings as well. I think that, deferring to Judge Christen, I think it might have been a stretch in Christen to say that they fell within the statute. But here, if anybody, this is so much at the heart of what it means to be in the normal course of your business that the concerns that the Alaska Supreme Court was dealing with in trying to impose a limitation, and it didn't impose a clear limitation, but this one doesn't require any stretch, as long as, I mean, the statute specifically talks about being sort of in the normal course of your business. This is how the Postal Service operates sort of everywhere. They, you know, they deliver some of the mail themselves, and they contract with other people to deliver it for them. And that's what happens with these people. But there's no contract here. There's a series of regulations and forms and- Well, I think that there were a couple of responses to that, both of which were addressed by the District Court. And one of them is that the question really is the analogy. And clearly, UPS or FedEx, which would be the analog, would be operating, everybody would understand that they were a contractor. And they would be operating with some kind of a contract. The statute doesn't say whether it has to be oral or written or whatever. And the District Court judge at ER-9 also says, look, this is the functional equivalent of a contract. In other places, the Postal Service, look, in the bypass mail situation or in the contiguous states, there's generally a specific written contract to deal with these special concerns that the Postal Service has with Alaska Airlines and in trying to spread fully scheduled flights. There are a whole set of reasons why it operates this way. But when it boils down- But in the end, what you have is a very explicit set of regulations that establish the responsibilities and the payment rates. Those are in the excerpts of records starting at 73. And for each specific shipment, there is an agreement between the District Court and 2729A is at ER-79. So I think that that is, for all practical purposes, as the District Court set a contract. But in any event, the real question would be whether the analogous person in similar circumstances would. And here, we have some cases. It is hard to find the right analogy. This one, we don't think it is. We've got UPS. We've got FedEx. It's pretty clear. And we think that there's no doubt that whereas here, the contractor itself carried workman's comp, the plaintiff gets the workman's comp, that there would be no action against the third party. So I'm not learning about this Alaskan statute. This is not something I'm familiar with. Absent the Alaskan statute, to me, this is analogous to the Postal Service running a red light and killing someone for which they'd be liable. If there was no workman's compensation scheme, that's probably right. I mean, the question, this case all turns on... Well, I'm talking about the Postal Service driver, truck driver, running into... And thinking of a very clearly analogous situation, the FedEx truck that ran into the school buses on Highway 5, they're going to be liable. Right. If the FedEx truck is liable, then the Postal Service truck is probably going to be liable, too. So why wouldn't there be premises liability? Because the question here is whether the Postal... Here, the Postal Service is a project owner. I mean, and this gets... And this is work that would otherwise be done by a Postal Service delivery person, was to come in, bring in the package. It's not left at the door. There's a familiarity with what goes on. You come in, and the question is, if I hire, the Postal Service hires a company that furnishes workman's compensation, and it's an injury that was done within the scope of that employment, and we know that because it received workman's compensation insurance, and therefore, is there a second cause of action against the project owner? And the answer is no, there isn't a second cause of action. All right. Does anybody else have any questions? No. Okay. Thank you very much. I will submit Marinese v. United States, and this court shall be... The session of this hearing is adjourned for today.
judges: WALLACE, WARDLAW, CHRISTEN